Yang v. Lynch

BIA
A099 670 256

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fifteen.

PRESENT:
      ROBERT A. KATZMANN,
          *Chief Judge*,
      REENA RAGGI,
      DENNY CHIN,
          *Circuit Judges.*

_____

ZHONG CHI YANG,
      *Petitioner*,

    v.

                14-290
                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Peter D. Lobel, New York, N.Y.

FOR RESPONDENT:      Joyce R. Branda, Acting Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; C. Frederick Sheffield, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhong Chi Yang, a native and citizen of the People's Republic of China, seeks review of a January 2, 2014, decision of the BIA denying his motion to reopen. *In re Zhong Chi Yang*, No. A099 670 256 (B.I.A. Jan. 2, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen "for abuse of discretion, mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (*per curiam*) (quoting *INS v. Doherty*, 502 U.S. 314, (1992)). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial-evidence standard. See *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA's denial of Yang's motion to reopen was not an abuse of discretion. Because Yang filed his motion more than 90 days

after the agency's final administrative decision, he was required to demonstrate a material change in conditions in China to excuse the applicable time limitation. 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

We find no abuse of discretion in the BIA's conclusion that the evidence Yang submitted was insufficient to establish changed country conditions material to his claim that he was eligible for relief based on his conversion to Christianity while in the United States. Contrary to Yang's contention, the BIA acknowledged evidence that supported his claim, such as reports of the arrests of some house church leaders and the harassment of church members. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (stating that the Court "presume[s] that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Despite that evidence, the BIA reasonably found that the record did not demonstrate that Yang would face persecution under current conditions. The reports indicated that whether authorities tolerate or repress unregistered religious activity varies regionally. And the 2011 ChinaAid Annual Report, which lists incidents of religious

3

persecution by province, reflects none in Yang's home province of Fujian for the reporting year. The BIA was not compelled to conclude that this evidence reflected a change in country conditions material to Yang's claimed fear of harm. *See Jian Hui Shao*, 546 F.3d at 171.

Because Yang failed to demonstrate changed country conditions material to his eligibility for relief, the BIA did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); *Jian Hui Shao*, 546 F.3d at 168-69. Accordingly, we need not address the parties' arguments regarding the BIA's alternative findings as to Yang's prima facie eligibility for relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4